IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| Dean W. Welch, | ) | |
| | ) | C.A. No. 6:10-1550-HMH-KFM |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **OPINION AND ORDER** |
| | ) | |
| Michael J. Astrue, Commissioner of Social Security, | ) ) | |
| | ) | |
| Defendant. | ) | |

  This matter is before the court with the Report and Recommendation of United States Magistrate Judge Kevin F. McDonald, made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 for the District of South Carolina.[1] Dean W. Welch seeks judicial review of the Commissioner of Social Security's ("Commissioner") denial of his application for supplemental security income ("SSI") under Title XVI of the Social Security Act. Magistrate Judge McDonald recommends reversing the Commissioner's decision and remanding the case for further administrative action. The Commissioner filed objections to the Report and Recommendation on July 12, 2011. For the reasons explained below, the court declines to adopt the Report and Recommendation and affirms the ALJ's denial of benefits.

---

[1] The magistrate judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with this court. See Mathews v. Weber, 423 U.S. 261, 270-71 (1976). The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the magistrate judge or recommit the matter with instructions. See 28 U.S.C. § 636(b)(1).

1

## I. Factual and Procedural Background

The facts are fully set forth in the decision of the administrative law judge ("ALJ"), (R. at 9-19), and summarized as follows. At the time of the hearing before the ALJ, Welch was a twenty-five-year-old man with a GED and past relevant work as a turf harvester and automobile welder. (Id. at 23, 108, 112.) Welch alleges that he has been disabled since June 20, 2005, due to porphyria cutanea tarda, a blood disorder. (Id. at 107.)

Welch filed an application for SSI on September 23, 2005. (Id. at 102.) The application was denied initially and upon reconsideration. (Id. at 9.) On March 18, 2008, Welch appeared and testified at a hearing before the ALJ. (R. at 20.) The ALJ found that Welch had the following severe impairments: anemia, skin disorder, affective disorder, and anxiety disorder. (Id. at 11.) He further determined that Welch was unable to perform past relevant work, but that he could perform a significant number of other occupations in the national economy. (Id. at 17-18.) Accordingly, the ALJ concluded that Welch was not disabled and denied his application for SSI. (Id. at 19.) Welch sought review of the ALJ's decision with the Appeals Counsel, claiming the ALJ's decision was not supported by substantial evidence. (Id. at 5.) He provided the Appeals Council with new medical evidence showing the impact of his social anxiety and obsessive compulsive disorders. (Id. at 488-89.) After considering the additional evidence, the Appeals Council denied Welch's request for review, thereby making the determination of the ALJ the final decision of the Commissioner. (R. at 1.) Welch filed the instant action on June 16, 2010.

## II. REPORT AND RECOMMENDATION

Magistrate Judge McDonald concluded that the Appeals Council failed to explain the impact of the newly submitted evidence on the ALJ's determination that Welch was not disabled. (Report & Recommendation 10.) Consequently, the magistrate judge recommends reversing the Commissioner's decision and remanding the case for further administrative proceedings. (Id. at 13.)

## III. DISCUSSION OF THE LAW

### A. Standard of Review

Under 42 U.S.C. § 405(g), the court may review only whether the Commissioner's decision is supported by substantial evidence and whether the correct law was applied. See Myers v. Califano, 611 F.2d 980, 982 (4th Cir. 1980). Accordingly, the court "must uphold the factual findings of the [Commissioner] if they are supported by substantial evidence and were reached through application of the correct legal standard." Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996). "Substantial evidence" is defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion; it consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance." Id. (internal citations omitted). Hence, absent any error of law, if the Commissioner's findings are supported by substantial evidence, the court should uphold the Commissioner's findings even if the court disagrees. See Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990).

### B. Objections

The Commissioner argues that the new evidence presented to the Appeals Council is immaterial to the ALJ's decision because it relates only to Welch's medical condition for the

period after the ALJ's denial of benefits. (Objections 5-6.) The court agrees.

The Appeals Council must review any new and material evidence that directly relates to the period for which benefits were denied. Wilkins v. Sec'y Dep't of Health & Human Servs., 953 F.2d 93, 95-96 (4th Cir. 1991) (en banc). For evidence to be new, it must be neither duplicative nor cumulative to evidence already in the record. Id. at 96. "Evidence is material if there is a reasonable possibility that the new evidence would have changed the outcome." Id. Evidence of a post-decision deterioration of a claimant's condition that existed at or before the ALJ's decision, however, is immaterial to the ALJ's denial of benefits. Getch v. Astrue, 539 F.3d 473, 484 (7th Cir. 2008); Szubak v. Sec'y of Health & Human Servs., 745 F.2d 831, 833 (3d Cir. 1984). Evidence that is both new and material evidence is incorporated into the record when considered by the Appeals Council. Wilkins, 953 F.2d at 96. Whether this standard is satisfied is a question of law that is reviewed de novo. Bergmann v. Apfel, 207 F.3d 1065, 1069 (8th Cir. 2000); Meyer v. Astrue, C/A No. 3:08-3828-JFA-JRM, 2010 WL 1257626, at *5 (D.S.C. Mar. 25, 2010) (unpublished).

The undisputably new evidence presented to and considered by the Appeals Council consists of medical reports detailing Welch's anxiety, depression, and obsessive compulsive disorders. Dr. Carol Adams ("Dr. Adams"), a clinical psychologist, first examined Welch three months after the ALJ's denial of benefits, and she diagnosed him with "severe social phobia" that manifests "in all social settings." (R. at 527.) In her November 6, 2008 report, Dr. Adams recounted that Welch's anxiety was so severe that he "no longer goes to church. He states that he is scared of other people. He gets overwhelmed by almost everything and any situation he is presented with." (Id. at 519.) Welch's anxiety, Dr. Adams noted, precluded him from

4

performing such tasks as getting a glass of water, calling the doctor's office to schedule an appointment, and eating dinner with his family. (Id. at 513.) On May 6, 2009, more than a year after Welch's hearing before the ALJ, Dr. Adams completed a psychological review of Welch, opining that he "suffers from severe social phobia, characterized by fearfulness of being constantly judged and evaluated in all settings, including his own parents' home." (Id. at 527.) She characterized Welch's social phobia as "one of the most severe cases of anxiety" that she had observed in her twenty years as a psychologist. (Id.) Welch contends that Dr. Adams' reports constitute new and material evidence, and therefore, the Appeals Council was obliged to explain their impact on the ALJ's decision. (Pl. Br. 5, 12-17.) The court disagrees.

After review, the court concludes that the new evidence is immaterial to the ALJ's denial of benefits. Prior to the hearing before the ALJ, Welch listed only his blood disorder as limiting his ability to work. (R. at 107.) During the hearing, Welch similarly cited only physical complications associated with his blood disorder as precluding him from performing previous occupations.[2] (Id. at 24-25, 77.) Although Welch told the ALJ that he did not spend significant time in public because people made him nervous, (id. 29-30), none of the evidence submitted to the ALJ reveals a social phobia as disabling or severe as the impairment Dr. Adams described in her reports. Conversely, the limitations detailed in Dr. Adams' post-decision reports are

---

[2] A report completed by Dr. Adams and dated more than seven months after the ALJ's denial of benefits reveals that Welch confided to Dr. Adams that he never told anyone his social anxiety was the principal basis for seeking disability benefits. (R. at 505.) Given this concession, it is difficult to conceive how the newly submitted evidence can be material to his present claim for benefits. See Sanchez v. Sec. of Health & Human Servs., 812 F.2d 509, 511-12 (9th Cir. 1987) (finding that new evidence submitted to the Appeals Council was not material to the ALJ's decision because it was probative of a mental condition "that was not significantly at issue at the hearing").

5

inconsistent with the activities Welch indicated he was capable of performing prior to the ALJ's decision. Welch, for example, stated that he was capable of attending church with his family two days a week, going to Wal-Mart, and playing with his nieces and nephews. (Id. at 30, 139.) Dr. Adams, however, recounted that Welch's social phobia manifested in all social settings and precluded him from such basic activities as attending church, getting a glass of water, and eating dinner with his family. (Id. at 513, 527.) Given that many of the limitations specified in Dr. Adams' reports conflict with activities that Welch indicated he was capable of performing prior to the ALJ's decision, the court concludes that the new evidence is probative of a post-decision worsening of his condition.[3] This evidence, therefore, is not material to the ALJ's denial of benefits, and the Appeals Council was not required to explain the impact of the new evidence on the ALJ's decision. The appropriate avenue for Welch to present the new evidence to the Commissioner is by filing a new application for benefits. Bonner v. Apfel, No. 98-2042, 1999 WL 134190, at *1 (4th Cir. Feb. 17, 1999) (unpublished).

---

[3] The court's conclusion that the new evidence demonstrates at most a worsening of Welch's psychological condition is bolstered by statements in Dr. Adams' reports in which she noted that Welch indicated his claim for disability benefits impacted his anxiety and had been a source of stress for him. (Id. at 505, 508.)

It is therefore

**ORDERED** that the decision of the Commissioner is affirmed.

**IT IS SO ORDERED.**

                                        s/Henry M. Herlong, Jr.
                                        Senior United States District Judge

Greenville, South Carolina
July 28, 2011